IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TARA SWEAT and JEREMY
HUNTER SWEAT,

    Plaintiffs,

v.                              No. 14-1253

OFFICER LARRY BUTLER,

    Defendant.

_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

On September 26, 2014, Plaintiffs, Tara Sweat and Jeremy Hunter Sweat, initiated this lawsuit against the City of Crump, Tennessee, and Larry Butler, a former Crump police officer, alleging violations of 42 U.S.C. § 1983 and Tennessee tort law. (Docket Entry ("D.E.") 1.) On January 29, 2015, Butler, moved for summary judgment as to all of Plaintiffs' remaining claims in this matter, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 20.)[1] When no response was filed, the Court, on April 1, 2015, entered an order directing Plaintiffs to show cause within eleven days why the claims should not be dismissed for failure to prosecute. (D.E. 28.) According to the docket, no response to the show cause order has been filed.

Rule 41 of the Federal Rules of Civil Procedure permits a district court to dismiss a claim "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.

---

[1] The Court dismissed the City of Crump as a party to the action in an order entered on March 9, 2015. (D.E. 27.)

1999)) (internal quotation marks omitted). In determining whether the sanction of dismissal is appropriate, district courts are instructed to consider four factors:

> (1) [w]hether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the . . . party's conduct; (3) whether the . . . party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, ___ F. App'x ___, 2015 WL 1529145, at *4 (6th Cir. 2015) (quoting *Knoll*, 176 F.3d at 363).

Even where it is unclear that willfulness, bad faith, or fault otherwise exist, the first factor weighs in favor of dismissal where the court finds that the "defendant cannot be expected to defend an action that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend th[e] case." *Johnson v. Heyns*, No. 14-11896, 2015 WL 1245911, at *4 (E.D. Mich. Mar. 18, 2015) (order adopting report & recommendation). This factor supports dismissal of the claims at issue here. The second factor also weighs on Defendant's side, as continued defense of a claim Plaintiffs have chosen not to pursue results in prejudice. *See Whitehurst v. United Capital Mortg.*, No. 06-2685, 2007 WL 4208698, at *3 (W.D. Tenn. Nov. 26, 2007) (order adopting report & recommendation). In its April 1, 2015, show cause order, the Court warned the Plaintiffs that "failure to file a sufficient and timely response to this directive may result in dismissal of this action in its entirety." (D.E. 28 at 1.) Finally, in light of Plaintiffs' failure to respond to the motion for summary judgment and to the show cause order, the Court sees no benefit in considering or imposing lesser sanctions. *See Akin-Olugbade v. Cnty. of Wayne*, No. 11-15341, 2012 WL 2995487, at *2 (E.D. Mich. July 6, 2012) ("[G]iven plaintiff's repeated failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser

sanctions."), *report & recommendation adopted by* 2012 WL 2995482 (E.D. Mich. July 23, 2012). Thus, the Court finds that none of the considerations militate in favor of Plaintiffs. Accordingly, the case is DISMISSED.

IT IS SO ORDERED this 15th day of April 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE